**Wenceslao MARTINEZ–IBARRA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**Nos. 03–74736, 04–75502.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 9, 2006.*

Decided Jan. 12, 2006.

Gabriela–Kreutzer, Esq., Los Angeles, CA, for Petitioner.

District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Le-Fevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Patricia A. Smith, Esq., Carl H. McIntyre, Jr., Jeffrey J. Bernstein, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HUG, O'SCANNLAIN and SILVERMAN, Circuit Judges.

MEMORANDUM **

In these consolidated petitions, Wenceslao Martinez–Ibarra, a native and citizen of Mexico, seeks review of the Board of Immigration Appeals' ("BIA") decision affirming an immigration judge's ("IJ") or-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

der denying his application for cancellation of removal (No. 03–74736) and the BIA's denial of his motion to reopen removal proceedings (No. 04–75502). To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We dismiss the petition for review in No. 03–74736 and deny the petition for review in No. 04–75502.

We lack jurisdiction to consider Martinez–Ibarra's challenge to the agency's discretionary determination that he failed to demonstrate exceptional and extremely unusual hardship.[1] *See Romero–Torres v. Ashcroft,* 327 F.3d 887, 892 (9th Cir.2003) (holding the court lacks jurisdiction "to review the BIA's discretionary determination that an alien failed to satisfy the 'exceptional and extremely unusual hardship' requirement for cancellation of removal."). We therefore dismiss the petition for review in No. 03–74736.

We review the denial of a motion to reopen for abuse of discretion. *Cano–Merida v. INS,* 311 F.3d 960, 964 (9th Cir.2002). The BIA did not abuse its discretion in denying the motion to reopen because Martinez–Ibarra's failure to file the motion to reopen before the voluntary departure period expired rendered him statutorily ineligible under 8 U.S.C. § 1229c(d) for the relief he sought. *See de Martinez v. Ashcroft,* 374 F.3d 759, 761–62 (9th Cir.2004). We therefore deny the petition for review in No. 04–75502.

Martinez–Ibarra's remaining contentions are unavailing.

**PETITION FOR REVIEW DISMISSED in No. 03–74736.**

**PETITION FOR REVIEW DENIED** in No. 04–75502.

---

**1.** Contrary to Martinez–Ibarra's contention, the BIA did not affirm the IJ's decision without opinion. Rather, the BIA provided a reasoned explanation for its decision that demonstrated the BIA afforded individualized attention to his case. *See Ghaly v. INS,* 58 F.3d 1425, 1430 (9th Cir.1995).

